Judge Mills
delivered the opinion of the court.
James Pringle, holding the legal estate to a lot in Shelbyville, gave his bond binding him to convey it to Abra *351 ham Owen, who gave his conveyance bond to Ryland and Thursby, who assigned it to Roberts, who assigned one half thereof to John Allen, and the other to Watkins. Owen in like manner assigned the original bond of Pringle to Allen, who endorsed thereon that one half only was for his benefit, the other belonging to Watkins. After the death of Allen, his heirs united with Watkins in this bill to compel a conveyance of the lot from Pringle, naming Owen’s heirs, and the assignors, and Pringle, as defendants. As the cause progressed, they filed an amended bill, stating that Walsh and Chiles, the present plaintiffs in error, having full notice of their equity, and being acquainted with their possession under their purchases from Pringle, had procured a subsequent conveyance from Pringle of the legal estate; and they made Chiles and Walsh defendants, against whom process was awarded. And at the term next after that to which the process against Chiles and Walsh was returned, executed, the cause was heard as to them, and the bill taken as confessed, and a final decree entered directing them to convey the lot with costs; and the cause was continued, and further proceedings directed against others. At the period of the decree against Chiles and Walsh, Owen’s heirs had filed their answers, purporting to be done by their guardian ad litem; but to process appears to be returned executed as to Pringle, or the heirs of Thursby; and although an order of publication had been made as to the unknown heirs of Ryland, yet publication does not appear to have been made. It was clearly erroneous to try the cause as to Chiles and Walsh, and decree against them, while the cause remained in this situation as to other necessary parties. It is true, a defendant who has answered may urge a trial of a cause, which is in a state for hearing as to him, although the plaintiff may not have brought other necessary parties before the court; but in such case the court will not decree finally on the merits against or for the complainant but will direct his bill to be dismissed without prejudice, for the want of proper parties before the court, and then the chancellor will frequently in his discretion render a decree nisi-that unless the necessary parties are brought before the court, on or before a given day, the bill shall be dismissed without prejudice to a future suit. If this is a proper practice, and the complainant cannot get a decree in his favor, when coerced into trial by one of his adversaries, much less can he be en *352 titled to a decree on the merits in his favor, when he claims trial, and at his instance the cause is heard, as to those before the court, when he has not brought others there, who were necessary to be there before he could obtain relief.—In the present case, to say nothing of the other defendants who were not before the court, Pringle was the party thro’ whom both the complainants and the defendants, Chiles and Walsh, claimed the lot in question. Their equity, derived from him, was, therefore, necessary to be decided upon; and without him the complainants were not entitled to a decree.
A compl’t cannot take a decree ag'nst one of several defend’ts unless all the defendants are before the court-tho' one deft. who has answered may have a trial as to him before the other defts are before the court, and the decree must be a dismissal without prejudice nisi.
Bibb for plaintiff, Hardin for defendants.
The decree must, therefore, be reversed, and the cause remanded for new proceedings against all the defendants. And to avoid further irregularities in the cause, this court cannot help suggesting, that although the answer of the heirs of Owen professes to be made by their guardian ad litem, yet no such guardian appears to be appointed on the record.